Filed: 12/8/2014 2:04:40 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 3410700

CAUSE NO. 429-04866-2014 _____

| | | |
|---|---|---|
| CAROL VASQUEZ,<br>    Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§<br>§ | COLLIN COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC. and/or<br>HOME DEPOT U.S.A., INC. d/b/a<br>THE HOME DEPOT NORTH<br>PLANO- #527,<br>    Defendant. | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carol Vasquez, hereinafter referred to as Plaintiff, complaining of Home Depot U.S.A., Inc. and/or Home Depot U.S.A., Inc. d/b/a The Home Depot North Plano- #527, hereinafter referred to as Defendant ("Home Depot"), and files this her Original Petition, and in support thereof would respectfully show the court as follows:

### I. DISCOVERY

Discovery should be controlled under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Subsequent to the filing of this Petition, Plaintiff will file a motion seeking an order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this particular case, pursuant to Rule 190.4(a).

### II. DAMAGES SOUGHT

Whereas revised Rule 47 of the Texas Rules of Civil Procedure mandates that the party seeking relief specifically state the amount of damages sought and, in that Plaintiff is still treating for her injuries and damages are still accruing, Plaintiff hereby asserts that the damages sought will fall between $200,000.00 and $1,000,000.00. Due to the level of damages claimed, Plaintiff is not eligible for and specifically opts out of the expedited process governed by Rule 169 Tex.R.Civ.P. At this time, Plaintiff specifically pleads that she does not believe that her damages could possibly exceed $1,000,000.00. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

### III.  PARTIES

Plaintiff, Carol Vasquez, is a resident of McKinney, Collin County, Texas;

Defendant, Home Depot U.S.A., Inc. and/or Home Depot U.S.A., Inc. d/b/a The Home Depot North Plano- #527 is a foreign corporation licensed to do business in the State of Texas and may be served with a copy of this Petition by serving its registered agent, Corporation Service Co. d/b/a CSC-Lawyers Inc., 211 E. 7th St, Suite 620, Austin, TX 78701.

### IV.  JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court and the Court has jurisdiction over the parties because the parties are residents of the State of Texas and/or licensed to do business in the State of Texas.

Venue is proper in Collin County, Texas, by virtue of Section 15.002 of the Texas Civil Practice and Remedies Code, for the reason that the occurrence forming the basis of this lawsuit transpired in whole or in part in Collin County, Texas.

## V.  BACKGROUND FACTS

On or about February 3, 2013, during normal business hours, Plaintiff Carol Vasquez was shopping at the business premises of Home Depot Store No. 527, located in North Plano, Texas. Defendant, Home Depot, extended an open invitation to the public, including Plaintiff, to enter its premises to shop. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary and reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence.

While an invitee at Home Depot #527 on February 3, 2013, Plaintiff tripped over a sprayer/sprayer nozzle that extended into the public walkway and fell to the floor, resulting in injuries and damages to Plaintiff which will be more specifically set forth hereafter.

## VI.  NEGLIGENCE

The occurrence made the basis of this lawsuit and the resulting damages and injuries were proximately caused by the negligent conduct of Defendant, because Defendant:

1)   Failed to properly inspect and maintain the floor model displays in a safe and reasonable manner so as not to pose an unreasonable risk of harm to Plaintiff; and

2)   Failed to exercise ordinary care to protect Plaintiff from the danger, both by

   a)   Failing to adequately warn of the danger, having known or should have known of the dangerous condition, and

     b)     Failing to make the condition reasonably safe.

## VII.  DAMAGES

As a proximate result of the occurrence and negligence made the basis of this lawsuit, Plaintiff suffered actual damages and sustained bodily injuries, consisting of injuries to Plaintiff's left hip, left knee, left wrist, left ankle and bladder. These injuries may be permanent in nature. Plaintiff has incurred expenses for medical care and treatment of the injuries resulting from the incident subject to this lawsuit, and in all reasonable probability will sustain additional bills for the treatment of these injuries in the future.  Plaintiff would further show that Plaintiff endured physical pain and suffering, mental anguish, and physical impairment since the time of the incident, which in all reasonable probability will continue in the future and for which she seeks recovery herein. By reason of all of the above, Plaintiff has suffered losses and damages, past and future, in a sum which exceeds the minimum jurisdictional limits of the Court for which he sues.

## DISCLOSURE REQUEST

Under the authority of Rule 194 of the Tex. R. Civ. P., Plaintiff requests the Defendant to disclose, within fifty (50) days of service of this petition and request, the information or material described in Rule 194.2.

## NOTICE OF INTENTION TO INTRODUCE DOCUMENTS PRODUCED IN RESPONSE TO WRITTEN DISCOVERY

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff hereby notifies Defendant of Plaintiff's intention to use, at any pretrial proceeding or at trial, any documents produced by Defendant in response to Plaintiff's written discovery.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiff have:

1.   Judgment against Defendant for damages in an amount in excess of the minimum jurisdiction limits of the Court;

2.   Prejudgment and post-judgment interest at the highest legal rate and to the maximum extent allowed by law until paid;

3.   Costs of the suit including, but not limited to, reasonable and necessary attorneys fees; and

4.   Such other and further relief, under any and all other applicable law, to which Plaintiff may show herself to be justly entitled, either at law or in equity.

Respectfully Submitted,

**THE NIX LAW FIRM**
1401 Holliday, Suite 400
Wichita Falls, TX 76301
Ph: 940-322-8200
Fax: 940-228-3233
dnix@thenixlawfirm.com
*Attorneys for Plaintiffs*

By:   David M. Nix
State Bar No. 15037800